```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
UNITED STATES OF AMERICA,                                 :
                                                          :
              -v-                                         :         19-CR-131 (PAE)
                                                          :
LORENZO RANDALL,                                          :         ORDER
JUSTIN RIVERA,                                            :
DWAYNE ANTHONY CONLEY,                                    :
CARL ANDREWS, and,                                        :
GERALDINE FAUSTIN                                         :
                                                          :
                         Defendants.                      :
                                                          :
------------------------------------------------------------------------X
```

PAUL A. ENGELMAYER, United States District Judge:

The Court has reviewed the parties' memoranda of law with respect to the defendants' motions for severance. The Court notes that while the Government's memorandum addresses the combined impact of the defendants' severance motions—resulting in five trials, were all such motions granted—it does not engage with the more realistic severance proposal endorsed by several defendants as an alternative. That proposal is based on the facts that no count brought against Andrews names Conley or Rivera as a defendant, and vice-versa, and that the counts against Andrews do not appear to have any victims in common with those that name Conley or Rivera. Under this proposal, the counts that name Conley and Rivera (i.e., those relating to the 2015 conspiracy) as defendants would be severed from those that name Andrews (i.e., those relating to the 2017 and 2018 conspiracy). Although the Court has not made any determination as to how it will rule, the Court is considering a severance along these lines as a possibility.

To assist the Court in its determinations, **the Court directs the Government** to file, by the close of business on **Tuesday, December 31, 2019**, a letter objectively addressing the following questions with regard to a severance along the lines above:

1. To what degree is there trial evidence common to the 2015 conspiracy, on the one hand, and the 2017 and 2018 conspiracies, on the other, such that a severance of these counts would result in presentation of the same evidence twice? To the extent there is a consequential amount of such evidence, the Government should describe this evidence in sufficient detail to enable the Court independently to assess the extent of duplication. And, would a severance along these lines produce other inefficiencies, or prejudice the Government (or any party)?

2. If the Court were to sever the trials along these lines, Randall, who is named in all of the above counts, would stand trial twice, on the different sets of charges. In which of the two trials should the remaining counts—brought against Randall alone, and charging substantive sex trafficking between 2011 and 2014—be tried, and why?

3. Assuming a severance along the lines above, how long would each of the two trials take (a) if tried together with the 2011-2014 charges against Randall and (b) if the 2011-2014 charges against Randall were tried with the other set of charges? Would the Government have a preference as to which trial was to proceed first, and why?

To further assist the Court in its determination, **the Court directs each defendant** to file a letter, due by the close of business on **Friday, January 3, 2020**. Each letter may respond, as warranted, to the Government's answers to the above questions. Defense counsel should also confirm that, in addition to being available to try this case on March 9, 2020, counsel are also available—in the event of a severance that resulted in charges against their client being tried in a

second trial—to proceed to a second trial that would commence immediately or very promptly upon the completion of the first trial.

The Court wishes all counsel and parties a happy and healthy New Year.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: December 26, 2019
      New York, New York