UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                            :
UNITED STATES OF AMERICA
                                            :      PRELIMINARY ORDER OF
            - v. -                          :      FORFEITURE/
                                            :      <u>MONEY JUDGMENT</u>
LORENZO RANDALL,
      a/k/a "Gucci,"                        :      19 Cr. 131 (PAE)
      a/k/a "Lij,"                          :      S1 19 Cr. 131 (PAE)
                                            :
            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about February 26, 2019, LORENZO RANDALL (the

"Defendant"), among others, was charged in nine counts of a fifteen-count Sealed Indictment, 19

Cr. 131 (PAE) (the "Indictment"), with conspiracy to commit sex trafficking by force, fraud, or

coercion, in violation of Title 18, United States Code, Section 1594(c) (Counts One and Two); sex

trafficking by force, fraud, or coercion, in violation of Title 18, United States Code, Sections

1591(a), (b)(1), 1594(a), and 2 (Counts Three through Six); conspiracy to violate the Travel Act,

in violation of Title 18, United States Code, Section 371 (Counts Thirteen and Fourteen); and

violating the Travel Act, in violation of Title 18, United States Code, Section 1952(a) and 2 (Count

Fifteen);

WHEREAS, on or about June 27, 2019, the Defendant, among others, was charged

in three counts of a five-count Superseding Indictment, S1 19 Cr. 131 (PAE) (the "Superseding

Indictment"), with conspiracy to commit sex trafficking by force, fraud, or coercion, in violation

of Title 18, United States Code, Section 1594(c) (Count One); and sex trafficking by force, fraud,

or coercion, in violation of Title 18, United States Code, Sections 1591(a), (b)(1), 1594(a), and 2

(Counts Two and Three);

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three and Four of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1594(d), of any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offenses charged in Counts Three and Four of the Indictment, and any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Three and Four of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Three and Four of the Indictment that the Defendant personally obtained;

WHEREAS, the Superseding Indictment included a forfeiture allegation as to Count Three of the Superseding Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1594(d), of any property, real and personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the offense charged in Count Three of the Superseding Indictment, and any property, real and personal, constituting or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count Three of the Superseding Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Three of the Superseding Indictment that the Defendant personally obtained;

WHEREAS, on or about January 28, 2020, the Defendant pled guilty to Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment, pursuant to a

2

plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment, and agreed to forfeit, pursuant to Title 18, United States Code, Section 1594(d), any property real and personal, that was involved in, used, or intended to be used to commit or facilitate the commission of the offenses charged in Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment, and any property, real and personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment, or any property traceable to such property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $153,000 in United States currency representing the amount of proceeds traceable to and property involved in, used or intended to be used to commit the offenses charged in Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendant, Justin Rivera, for $86,000 of the $153,000, to the extent a forfeiture money judgment has been entered against Rivera in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to and property involved in the offenses charged in Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States

Attorneys Daniel H. Wolf and Thomas S. Burnett, of counsel, and the Defendant and his counsel, James E. Neuman, Esq., that:

1.      As a result of the offenses charged in Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment, to which the Defendant pled guilty, a money judgment in the amount of $153,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to and property involved in, used or intended to be used in the offenses charged in Counts Three and Four of the Indictment, and Count Three of the Superseding Indictment, that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Justin Rivera for $86,000, to the extent forfeiture money judgment has been entered against Rivera in this case, shall be entered against the Defendant.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant Lorenzo Randall, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.


SO ORDERED:

_____                    __10/18/2024__
HONORABLE PAUL A. ENGELMAYER                          DATE
UNITED STATES DISTRICT JUDGE


5