UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LORENZO RANDALL,<br><br>                  Defendant. | **Order of Restitution**<br><br>**19-CR-131 (PAE)** |

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Daniel H. Wolf, Assistant United States Attorney, of counsel; the presentence investigation report; the conviction of Lorenzo Randall, the defendant, on Counts Thee and Four of Indictment 19 Cr. 131 (PAE), and Count Three of Superseding Indictment S1 19 Cr. 131 (PAE) (the "Indictments"); and all other proceedings in this case, it is hereby ORDERED that:

**I.    Amount of Restitution**

1.    Lorenzo Randall, the defendant, shall pay restitution in the total amount of $153,000, pursuant to 18 U.S.C. § 1593, to the victims (the "Victims") identified in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office for the Southern District of New York of a change of address of a Victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

2020.01.09

## II. Joint and Several Liability

2. Of the total restitution owed by Randall to the Victims, Randall is solely responsible to pay $67,000, which is the total restitution to the Victims identified in Schedule A as: Victim-5; Victim-12; the Representative of the Estate of Female Victim-2; and Female Victim-1.[1]

3. The remaining portion—specifically, $86,000—to the Victims identified in Schedule A as Victim-1 and Victim-2 is joint and several with the following defendant in the following case: Justin Rivera, 19 Cr. 131 (PAE). The restitution owed jointly and severally by Rivera and Randall of $86,000 to the Victims is *not* joint and several with other defendants in 19 Cr. 131 (PAE). In particular, pursuant to 18 U.S.C. § 3664(h), the Court has apportioned joint and several liability of $86,000 to the Victims from Rivera and Randall, on the one hand, and restitution of $500 to each Victim (*i.e.*, $1,000 in total) by their co-defendant, Dwayne Anthony Conley, on the other, to reflect the level of contribution to the Victims' losses.

4. Randall's liability to pay restitution to Victim-1 and Victim-2 shall continue unabated until either Randall has paid the full amount of restitution ordered herein to Victim-1 and Victim-2, or Victim-1 and Victim-2 have recovered the total amount from the restitution paid by Randall and Rivera.

## III. Apportionment Among Victims

5. Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the Victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed

---

[1] All victim pseudonyms used herein are the same pseudonyms used in Paragraph 100 of the Presentence Report ("PSR") dated February 5, 2024, with one exception: the victim identified as "Female Victim-2" in Paragraph 100 of the PSR is referred to herein as "Female Victim-1," which is the same victim referred to as "Female Victim-1" in Paragraph 92 of the PSR.

proportionally to each Victim based upon the amount of loss for each Victim, as set forth in Schedule A.

### IV.     Schedule of Payments

6. Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

7. In the interest of justice, restitution will be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).

8. While serving the term of imprisonment, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP). Any unpaid amount remaining upon release from prison will be paid in a lump sum, immediately.

9. This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted.

### V.     Payment Instructions

10. The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt. Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required

by 18 U.S.C. § 3611.  The defendant shall write his/her name and the docket number of this case on each check or money order.

### VI. Change in Circumstances

11. The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

### VII. Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

### VIII. Sealing

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victim(s), the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or disclosed to the listed victims, the Government and any of its investigative agencies, the Clerk's

Office, and the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

_____       \_\_10/18/2024\_\_\_\_\_
HONORABLE PAUL A. ENGELMAYER            DATE
UNITED STATES DISTRICT JUDGE

**EXHIBIT A – SEALED SCHEDULE OF VICTIMS**